UNITED STATES *v.* VANTINE & Co. (No. 1144).[1]

BAMBOO BASKET BAG.

This article itself shows in its structure the characteristics of a bag; has the distinguishing characteristic of bags generally in that it may be closed at the top by drawing the material together. It was improperly classified as a basket.

United States Court of Customs Appeals, November 28, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31800 (T. D. 33291).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.
*McLaughlin, Russell, Coe & Sprague* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:
The sample of the merchandise in this case is denominated by the only witness in the case, and who testified on behalf of the importers before the board, as a basket bag, or more specifically a bamboo basket bag. In the invoice it was described as a fancy bamboo basket bag. The wooden portion is in the shape of a circular basket, 2 inches

high, 6 inches in diameter, and made of small pieces of bamboo interwoven in the manner generally employed in making baskets. Within and attached to it in a way so that it forms a lining for the bamboo portion is a silken fabric, which extends above the bamboo about 4½ inches, the top thereof being fitted with cords ending in tassels so arranged that by pulling the cords the fabric is closed at the top. The cords are of such length that the article may be carried thereby on the arm or otherwise and by which, of course, it may be hung up. The exposed portion of the fabric is of two thicknesses and is bound around the top of the bamboo part, below which and inside the bamboo work it is of only one thickness. The fabric part when fully opened is of the same circular dimensions as the bamboo portion.

The merchandise was returned by the appraiser as bags composed in chief value of silk, embroidered, and was assessed by the collector as a silk embroidered article at 60 per cent ad valorem under paragraph 402 of the tariff act of 1909. This assessment was reversed by the Board of General Appraisers, which held that duty should have been taken at 40 per cent ad valorem under paragraph 214 of the same act as baskets of wood.

· The importers' witness testified that the bamboo part was the substantial part of the article, that he would say the value of the bamboo and the value of the silk was about equal, and there was no other testimony on the question of the value of the materials of which the article is composed.

The Board of General Appraisers held that the article was a basket.

In this court the appealing party, the Government, contends that the merchandise is not within the provisions of paragraph 214, because not baskets in fact; insists that it is composed in chief value of silk; concedes that it is not embroidered; claims that it is appliquéd and hence dutiable under paragraph 402, as assessed; but if neither appliquéd nor embroidered, claims that it is dutiable under paragraph 403 as a manufacture in chief value of silk.

The importers are not appellants, and rely chiefly upon the claim that the articles are baskets in fact. In their protest, in addition to that claim, it was also averred that the articles were dutiable at 35 per cent ad valorem under paragraph 215 as a manufacture of which wood is the component material of chief value or as a nonenumerated article under paragraph 480.

We insert here paragraph 214:

Porch and window blinds, baskets, curtains, shades, or screens of bamboo, wood, straw, or compositions of wood, not specially provided for in this section, thirty-five per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, forty per centum ad valorem.

The first question, as we view the case, is whether or not the article is a basket within the meaning of the quoted paragraph. The word "basket" is of very common use and hardly needs reference to a dictionary for its definition. As clearly expressive of the common understanding of the word, we quote, however, the definition given in the Standard Dictionary:

*Basket:* A vessel of indefinite capacity, made of flexible materials, as twigs, splints, or strips of metal, interwoven, and commonly bound at the top.

To this definition it might be added that baskets assume a great variety of forms and are used for many purposes. By the provisions of paragraph 214 the baskets there referred to could not be composed of metal, but must be of some variety of wood, which bamboo is.

The only witness who testified stated that the article was a "basket bag," but he did not testify as to the use or purpose for which it was intended or to which devoted. The article itself shows it partakes in its structure of the characteristics of a bag, the common meaning of which is well defined in the Oxford Dictionary as "a receptacle made of some flexible materials, closed on all sides except the top (where also it generally can be closed)."

It is to be observed that the bamboo part of this article serves, among other things, to make a stiff bottom for the bag and to keep it in shape, a characteristic which is found in many bags. Were a flat piece of woven bamboo, like the bottom of the bamboo here, used instead of the woven bottom in the form it is used in the article, it unquestionably would be a bag. Reduced to its narrowest form, therefore, we have the question of whether this article, which answers to the call of the definition for the word "bag," is not a bag, but a basket, because an article which might, if used separately, be called a basket forms a part of the same. The completed article, however, has the distinguishing characteristic of bags generally, in that it may be closed at the top by drawing the material together.

We feel constrained to disagree with the learned Board of General Appraisers as to the proper classification of this merchandise and think it ought not to be classified as a basket. In this conclusion we are confirmed by the fact that the witness, who was the manager of the importing company, seemed to be unwilling to so characterize it, but adhered to the term "basket bags" as correctly describing the merchandise whenever his attention was directed thereto, and we do not think that the meaning of the word "basket," as ordinarily used, includes articles like the merchandise at bar. Suppose, for the purpose of further illustrating this point, that instead of the bamboo article in the sample a circular box or bowl of the exact size were used in it, could it then be said that the article was a box or bowl?

The conclusion we have reached, as above indicated, renders it unnecessary to consider the further claims mentioned, for regardless

of the paragraph under which we may think the merchandise should have been classified, the issue here is whether it is dutiable as held by the Board of General Appraisers. Not being able to concur with its conclusion, as above stated, it follows that its judgment should be, and it is, *reversed.*