Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of granular or sponge iron similar in all material respects to that the subject of *John V. Carr & Son, Inc.* v. *United States* (50 Cust. Ct. 29, C.D. 2384), the claim of the plaintiff was sustained.

OCTOBER 17, 1963

No. 68049.—Border Brokerage Co. *v.* United States, protest 61/4962.—

Plaintiff's application for rehearing denied.

BEFORE THE FIRST DIVISION, OCTOBER 21, 1963

No. 68050.—Castelazo & Associates and K. & C. Company et al. *v.* United States, protests 313708–K, etc. (Los Angeles).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the items marked "A" consist of rattancore kleenex box covers similar in all material respects to those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 178, C.D. 2038), the claim at 16⅔ percent ad valorem under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for manufactures of wood, not specially provided for, was sustained. The items marked "B," stipulated to consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039), were held dutiable at 45 percent under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under the provision in said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877). The items marked "C," stipulated to consist of trays in part of rattan or bamboo similar to the trays in part of rattan the subject of Abstract 66729, were held dutiable at 25 percent under said paragraph 409, as modified, *supra*. The items marked "D," stipulated to consist of trays, etc., not in part of rattan, similar to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.

No. 68051.—Guy B. Barham Co. and Hawkins Export & Import Co. et al. *v.* United States, protests 59/9920, etc. (Los Angeles).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the items marked "A" consist of rattancore kleenex box covers similar in all material respects to those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 178, C.D. 2038), the claim at 16⅔ percent ad valorem under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for manufactures of wood, not specially provided for, was sustained.   The items marked "B," stipulated to consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039), were held dutiable at 45 percent under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under the provision in said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877).   The items marked "C," stipulated to consist of trays in part of rattan or bamboo similar to the trays in part of rattan the subject of Abstract 66729, were held dutiable at 25 percent under said paragraph 409, as modified, *supra*.   The items marked "D," stipulated to consist of trays, etc., not in part of rattan, similar to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.

BEFORE THE SECOND DIVISION, OCTOBER 22, 1963

**No. 68052.**—Gallagher & Ascher Company *v.* United States, protests 61/12084–12319 and 61/13381–12344 (Chicago).

FORD, Judge :   The cases listed in schedule A, attached hereto and made a part hereof, contest the classification of certain heaters, designed for use in Volkswagen automobiles.   The collector of customs classified said articles under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, providing for articles having as an essential feature an electrical element or device and assessed duty thereunder at the rate of 13¾ per centum ad valorem.

Plaintiff herein claims said heaters are properly subject to classification under the provisions of paragraph 369(c), Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as parts of automobiles and, accordingly, subject to duty at the rate of 10½ per centum ad valorem.

The pertinent parts of said provisions read as follows :

Paragraph 353, as modified by T.D. 52739, *supra:*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for :

    &ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

Other &ast; &ast; &ast; _____ 13¾% ad val.

Paragraph 369(c), as modified by T.D. 54108, *supra:*

Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 10½% ad val.