of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as ornamented wearing apparel.

In its protest, plaintiff claims the involved merchandise to be properly subject to duty at the rate of 20 per centum ad valorem under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as clothing and articles of wearing apparel in chief value of cotton, other.

A sample of the involved cap was received in evidence as plaintiff's exhibit 1 and the case was submitted upon said sample with the following statement made by counsel for plaintiff:

* * * We rest, knowing full well that we haven't established what claim is right because we have not established what is the component material of chief value but we would like a decision as to whether or not the collector's classification is wrong, classifying the articles, the sample of which is in evidence, under Paragraph 1529.

Based upon the foregoing record, it is apparent that the court has no alternative but to overrule the protest in this matter. Under the well-settled principle of customs law, the presumption of correctness attaches to the collector's classification, and it is the burden of plaintiff to establish that the classification is incorrect and also what the correct classification should be. *United States* v. *Gardel Industries*, 33 CCPA 118, C.A.D. 325; *United States* v. *G. Klein & Son*, 42 CCPA 73, C.A.D. 574; *Keer, Maurer Company* v. *United States*, 46 CCPA 110, C.A.D. 710.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, NOVEMBER 7, 1963

No. 68080.—Imports, Incorporated *v.* United States, protest 63/6007 (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

No. 68081.—Kwan Yuen Co. et al. *v.* United States, protests 59/5608, etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the items marked "A" consist of rattancore kleenex box covers similar in all material respects to those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 178, C.D. 2038), the claim at 16⅔ percent ad valorem under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for manufactures of wood, not specially provided for, was sustained. The items marked "B," stipulated to consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039), were held dutiable at 45

percent under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under the provision in said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented. by Presidential proclamation (T.D. 53877). The items marked "C," stipulated to consist of trays in part of rattan or bamboo similar to the trays in part of rattan the subject of Abstract 66729, were held dutiable at 25 percent under said paragraph 409, as modified. *supra*. The items marked "D," stipulated to consist of trays, etc., not in part of rattan, similar to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.

**No. 68082.**—China Art Goods Co. et al. *v.* United States, protests 59/9917, etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the items marked "A" consist of rattancore kleenex box covers similar in all material respects to those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 178, C.D. 2038), the claim at 16⅔ percent ad valorem under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for manufactures of wood, not specially provided for, was sustained. The items marked "B," stipulated to consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039), were held dutiable at 45 percent under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under the provision in said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877). The items marked "C," stipulated to consist of trays in part of rattan or bamboo similar to the trays in part of rattan the subject of Abstract 66729, were held dutiable at 25 percent under said paragraph 409, as modified, *supra*. The items marked "D," stipulated to consist of trays, etc., not in part of rattan, similar to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.

*No. 68083.*—Taiyo-California, Inc., et al. *v.* United States, protests 60/10544, etc. (Los Angeles).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish blocks similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.*