No. 68082.—China Art Goods Co. et al. *v.* United States, protests 59/9917, etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the items marked "A" consist of rattancore kleenex box covers similar in all material respects to those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 178, C.D. 2038), the claim at 16⅔ percent ad valorem under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for manufactures of wood, not specially provided for, was sustained. The items marked "B," stipulated to consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039), were held dutiable at 45 percent under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under the provision in said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877). The items marked "C," stipulated to consist of trays in part of rattan or bamboo similar to the trays in part of rattan the subject of Abstract 66729, were held dutiable at 25 percent under said paragraph 409, as modified, *supra.* The items marked "D," stipulated to consist of trays, etc., not in part of rattan, similar to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.