(C. D. 2039)

QUON QUON COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 17, 1958)

*Stein & Shostak* (*Majorie M. Shostak* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The 26 protests enumerated in the schedule attached to this decision have been consolidated for trial. Each

of the protests has been limited to the items covered by invoice item numbers 0595 and 0615 and described as "rattan flower cage." Such items were assessed with duty at the rate of 50 per centum ad valorem under the provision in paragraph 411 of the Tariff Act of 1930 for "baskets * * * wholly or in chief value of * * * wood * * * not specially provided for."

The claim made in each of the protests relied upon by the plaintiff is for classification under the provision in paragraph 409 of the said act for—

* * * all articles not specially provided for, wholly or partly manufactured of rattan * * *

with duty assessment at the rate of 45 per centum ad valorem as to the merchandise imported prior to September 10, 1955, and at the rate of 25 per centum ad valorem as to the merchandise imported on and after the said date, which was the effective date of certain rates of duty prescribed in the Presidential proclamation relating to the terms of accession by Japan to the general agreement reported in T. D. 53865, as set forth in the Presidential notification reported in T. D. 53877.

At the trial of the issue, a sample representative of item 0595 was offered and received in evidence without objection as plaintiff's exhibit 1, and a sample of item 0615 was likewise offered and received in evidence without objection as plaintiff's exhibit 2.

Counsel for the parties thereupon stipulated that item 0595 is composed of whole rattan wrapped with rattan cane or rattan peel, and contains no interwoven strips thereon. It was also stipulated that item 0615 is likewise composed of whole rattan wrapped with rattan peel or rattan cane, but that it has a base portion composed of interwoven rattan cane or rattan peel strips.

Counsel further stipulated that if item 0595 were now before the examiner for his official return it would not be officially described for the information of the collector of customs as a basket or bag, but would be officially described as a manufactured article, composed wholly or in part of rattan, dutiable at the appropriate rate under paragraph 409 according to the date of importation.

Whatever might be considered to be the legal effect of the last-mentioned stipulation with respect to item 0595, there can be no doubt that the parties are agreed that the classification of that item under paragraph 411 by the collector was in error, and, in the brief filed on behalf of the defendant, it is stated that—

* * * In view of the facts stipulated and the physical characteristics of item 0595, as shown, *infra*, the court should sustain the protests with respect thereto.

In the same brief, it is pointed out that item 0595 has no interwoven portions and that the sides are constructed in such a way that they are open from top to bottom, rendering the article unsuitable for holding, protecting, or carrying anything.

Counsel for the plaintiff obviously relies upon the facts stipulated and the real evidence provided by exhibit 2 as establishing that the merchandise represented by item 0615 is not a basket within the meaning of the provision therefor in paragraph 411. No other proof was offered.

Counsel for the defendant maintains that plaintiff has failed to prove that the said item is not a basket, as classified by the collector.

Both parties cite and rely upon the common meaning of the term "basket," as defined judicially by our appellate court in the case of *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, 69, T. D. 38728, as follows:

In substance, all the dictionaries and encyclopaedias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. * * *

Any examination of the two exhibits shows them to be, as they are designated on the invoices, cage-like affairs made in the general shape of an old-fashioned lantern or a bird cage and obviously designed to have a pot or container placed therein to hold plants or flowers, and the whole thing hung from a suitable hook or rod. Exhibit 1, representing item 0595, is so designed that the bottom portion is keyed into the framework of the article so as to be removable to provide for inserting the pot or container, but no other portion of exhibit 1 is movable or removable.

Exhibit 2, representing item 0615, is generally the same in appearance and use as item 0595, except that the bottom is solidly fixed in place, but the top may be opened in such a way that a flower or plant pot or container can be inserted therein.

There is no part of exhibit 1 which could be considered to be "interwoven," and it is obviously this fact which moved the defendant to agree that it was not within the common meaning of the term "basket."

It is likewise obvious that the only part of exhibit 2 which is interwoven is the bottom portion, upon which the pot or container would rest. Counsel for the defendant contends that plaintiff has offered no evidence establishing that exhibit 2 is not "used for the purpose of holding, protecting, or carrying any commodity," and, consequently, has not established that exhibit 2 is not a basket within the definition of the *Byrnes* case, *supra*, evidently considering that in all other re-

spects it responds to the definition of the term "basket," as judicially defined.

We think the inference is justified from an examination of both exhibits that they are used for the same purpose, to wit, to hold containers or pots of plants or flowers. Consequently, counsel for the defendant is correct in his contention that exhibit 2 is used to hold a commodity, but we, nevertheless, do not think it is a basket within the common meaning of the term any more than is exhibit 1, which defendant agrees is not a basket.

To consider that because a comparatively small and minor portion of exhibit 2 is made by interweaving strips of rattan it is thereby transformed into a basket, when otherwise it would not be a basket, is, to use a time-worn but apt phrase "making the tail wag the dog." An article which is a basket is so because in its major aspects it fulfills all of the requirements of a basket as set forth in the *Byrnes* case and because it partakes of the nature of a basket. Merely because an article may have as a minor feature some interwoven flexible material does not make it a basket if it is not otherwise one. The articles represented by both exhibits are flower cages, and, while in some small respects one of them may resemble a basket, their nature is not that of baskets any more than a straw hat, which somewhat resembles a basket, is a basket.

Judgment will issue sustaining the protest claims accordingly.