**No. 66729.**—Quon Quon Company *v.* United States, protests 60/16510, 60/16511, and 312386–K (Los Angeles).

MOLLISON, Judge: The protests enumerated in the attached schedule were consolidated for trial. They cover numerous different items, all but one (item 2324) of which have in common that they were assessed with duty under the provision in paragraph 411 of the Tariff Act of 1930 for "baskets * * * wholly or in chief value of * * * wood" at either 50 or 42½ per centum ad valorem, depending upon the date of entry for consumption, the latter rate being applicable to merchandise entered for consumption after June 30, 1958, under the modification of paragraph 411 contained in T.D. 54108. Various claims are made in each of the protests, either as originally drawn or as amended, for duty at lower rates. These, as well as the situation relating to item 2324, will be referred to as the items are individually discussed in this opinion.

Counsel for the parties have stipulated that item 1184, consisting of rattan-core Kleenex box covers, is the same in all material respects as the box covers the subject of decision in *Quon Quon Company* v. *United States*, 41 Cust. Ct. 178, C.D. 2038, the record in which case was admitted in evidence as part of the record herein with respect to that item. On the agreed facts, the claim in protest 312386–K for duty at the rate of 16⅔ per centum ad valorem under paragraph 412, Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476, is sustained as to item 1184, and judgment will issue accordingly.

Items 1348, 1663, 2375, and 2382, variously described on the invoices as rattan trays, table tops, etc., were stipulated by counsel for the parties to consist in no part of woven material, and not to be baskets, and it was further stipulated that they are wholly or partly manufactured of rattan. On the agreed facts, those items are properly dutiable at the rate of 25 per centum ad valorem under paragraph 409, as modified by T.D. 53865 and T.D. 53877. That claim in the protests is, therefore, sustained as to those items, and judgment will issue accordingly.

Items 0730 and 0714, samples of which were received in evidence without objection as collective exhibits 1 and 2, respectively, have substantially the same description. They consist of flat, circular articles of interwoven material, the weaving in the case of collective exhibit 2 being very close, and, in the case of collective exhibit 1, being open. They range in size downward from 30 inches in diameter. Each has a rim approximately 1 inch in diameter, composed of rattancore, to which the ends of the woven portion are attached.

The only evidence as to these items is that they are used as serving trays, i.e., trays on which food and drink are carried to be served to diners.

There can hardly be any question but that articles having substantially the same description were the subject of decision in the case of *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, T.D. 38728. The articles there in issue are described in the opinion in that case as follows:

The official exhibit before us is a flat, circular article of interwoven bamboo, about 12½ inches inside diameter, with a side or edge perpendicular to the flat surface, or bottom, and extending around the same, apparently of the same

material. This side is about five-eighths of an inch high, and a little more than one-half an inch in thickness.

No evidence as to the use of the article was offered, and, as a matter of fact, the case was submitted for decision upon the sample which has been hereinbefore described.

In passing upon the issue in that case, which was essentially the same as that in this case, the competition being between a provision for baskets of bamboo as against the provision for manufactures of wood, the appellate court said:

In substance, all the dictionaries and encyclopaedias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. We think such a definition correctly expresses the common understanding of the meaning of the word.

An ordinary dictionary definition given to the word "tray" is, in substance, a flat, shallow vessel, variously shaped, but ordinarily with slightly raised edges. It may be composed of a great variety of materials and devoted to a large number of uses.

In Webster's New International Dictionary the word "tray" is defined as follows:

1. A shallow, wooden trough or bowl, or a basket, for domestic uses.

2. Hence, any shallow receptacle for holding or carrying articles.

While the appearance of the exhibit indicates that it may well, by reason of a particular use to which it may be applied, be called a tray, we are of opinion it is, nevertheless, a basket in its material and structure, and clearly within the common meaning of that word. The fact that a given use may cause it to be called a tray, does not, necessarily, exclude it from the basket category. We think it is within the provisions of paragraph 175 a basket of bamboo, and is more specifically therein provided for than in the provision for manufactures of wood in paragraph 176. The bottom is interwoven, as baskets commonly are, and it is adapted and used to hold, protect, or carry suitable commodities that may be placed therein. There is no denominative provision in the tariff act for trays.

We think it is fair to say that the distinction between a tray and a basket is not always readily apparent. Something which may be a shallow basket may also be referred to as a tray. In this category, may be cited the familiar table article, the bread tray, which is frequently called a bread basket. But we think it also fair and correct to say that there are articles called trays which are not necessarily baskets—in fact, are quite distinct and different therefrom. In this category, we think, are the serving trays at bar.

The ordinary concept of a tray is found in the second definition of Webster's New International Dictionary, 2d edition, 1945, as—

Any open receptacle with a flat bottom and a low rim for holding or carrying articles; as a waiter's *tray*; a trunk *tray* * * *. [Italics quoted.]

A basket, on the other hand, has been judicially defined, as hereinbefore quoted from the opinion in the *Byrnes* case, as—

* * * a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity.

Collective exhibits 1 and 2 are serving trays. They are not "vessels" in the sense that baskets are vessels, i.e., hollow or concave utensils (Webster, *op. cit.*), and we do not think that anyone in ordinary speech would call a serving tray a "basket." We can, therefore, discern no valid reason why they should be classified for duty purposes as such. The *Byrnes* case is not ironclad au-

thority on the subject, for it admittedly was submitted for decision upon the scantiest of records, the mere introduction of a sample, and without the benefit of a brief on behalf of the losing party. We do not consider it authority for the proposition which seems to be urged by the defendant that all trays made of interwoven basket materials are *ipso facto* baskets.

It has been stipulated that items 0730 and 0714 are composed in part of rattan, and, on the record presented, the claim made by amendment of the protests for duty at the rate of 25 per centum ad valorem under paragraph 409 is sustained as to those items.

We are of the opinion that the same conclusion, i.e., that the articles are not baskets but are trays, must be reached in the cases of items 1649 and 1648. Item 1649 consists of rectangular serving trays while item 1648 consists of rectangular snack trays. Both are made of rattancore and were assessed with duty under the provision in paragraph 411 for wood baskets. For the same reasons as given in the case of items 0730 and 0714, we are of the opinion that these items are not baskets but are trays.

Judgment will, therefore, issue sustaining the protest claim for duty at the rate of 16⅔ per centum ad valorem under the provision for manufactures of wood in paragraph 412, as modified, as to those items.

We think, however, a different conclusion must be reached in the case of item 0623. This is an interwoven article of the size and shape of a pie plate. While the evidence given as to it indicated that it could be used to hold a paper plate containing hot food, it appeared that its major use was by fruit packers to pack and market dried fruit, principally around holidays. It is a comparatively shallow article, and, in its use with dried fruit, it is covered with cellophane. Such an article, we think, is in the borderline category between a tray and a basket. There is evidence that a fork is packed with the fruit to assist in serving the contents, but we think that, in its appearance and use, i.e., it is hollow and concave and used to hold and transport things, it partakes more of the nature of a vessel and, hence, of a basket, than it does of a tray. In any event, we are satisfied that the record does not establish *prima facie* that it is *not* a basket and, consequently, the presumption of correctness attaching to the collector's classification has not been overcome. Judgment will, therefore, issue overruling the protest claim as to that item.

Item 2324, described as a "rattancore display tree," was assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 409 for articles, not specially provided for, wholly or partly manufactured of rattan. It is claimed to be properly dutiable at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the said act, as modified, for manufactures of wood, not specially provided for.

During the course of the trial, it was stipulated by counsel that the item consists entirely of rattancore and in no part of rattan. This stipulation, as appeared to be conceded by the defendant, establishes the incorrectness of the collector's classification under paragraph 409, *supra*.

Defendant contends, however, that the article is more properly classifiable under the provision for baskets of wood in paragraph 411 than under the general provision for manufactures of wood, not specially provided for, in paragraph 412, under which claim is made.

A sample of the item before us as plaintiff's exhibit 6 and illustrative exhibit (No. 7), showing one of its suggested uses, as well as the testimonial evidence of a witness for the plaintiff and one for the defendant, indicate that it is probably most properly described as a display figure or form than as anything else. It is conical in shape, about 30 inches from bottom to apex, and about 15

inches in diameter at the bottom, which is open. It is made of interwoven rattancore.

The evidence shows that it has been used with the open end down as a basis for an unconventional type of Christmas tree; with the open end up as part of a lighting fixture and as a display fixture to show the wares of a merchant, and it appears that its use is limited only by the ingenuity of the user and follows no definite pattern which would characterize it as a basket.

In the absence of a tariff provision more specifically applicable thereto, manufactures of rattancore are properly classifiable under the provision for manufactures of wood, not specially provided for (*Cf. Calif-Asia Co., Ltd.* v. *United States*, 39 C.C.P.A. (Customs) 133, C.A.D. 475), and we are of the opinion that, on the record presented, that is the proper classification of item 2324. Plaintiff's claim as to that item is, therefore, sustained, and judgment will issue accordingly.

The final item involved is No. 0167, described on the invoice as "hamper." The articles under that item number were assessed with duty under the provision for baskets of wood in paragraph 411, *supra*, and are claimed to be properly dutiable at the rate of 25 per centum ad valorem under the provision in paragraph 409, as modified, for articles composed in part of rattan.

It was stipulated that the articles are composed in part of rattan, and a picture representing them was offered and received in evidence without objection as plaintiff's exhibit 9. The sole testimony with respect to the hampers is that when they are sold at retail the Federal excise tax on luxury articles is applied to them.

In the brief filed on behalf of the plaintiff, its counsel has sought to show that, by reason of the application to the articles of the excise tax, they are regarded and considered as luggage, and counsel cites as applicable and controlling the decision of this court in the case of *Royal Cathay Trading Co. et al.* v. *United States*, 45 Cust. Ct. 99, C.D. 2206.

The *Royal Cathay* case involved interwoven rattan articles in the form and shape of hand luggage, i.e., suitcases and valises, having metal hinges and snap latches, with some pieces also having locks and keys. We do not think that the merchandise at bar is of the same character and description as that involved in the *Royal Cathay* case. The articles before us are ordinary picnic hampers which, by dictionary definition, are baskets and are commonly so regarded. Webster, *op. cit.*, defines a hamper as—

A large basket, usually with a cover, used for the packing and carrying of articles.

and Funk & Wagnalls New Standard Dictionary similarly so defines it.

We are, therefore, of the opinion that item 0167 was properly classified by the collector under the provision in paragraph 411 for baskets of wood and, therefore, overrule the protest claim.

For the foregoing reasons, judgment will issue as to the various items as hereinbefore indicated.