BEFORE THE FIRST DIVISION, APRIL 13, 1964

**No. 68437.**—Imported Merchandise Company *v.* United States, protests 59/29896–11111, 59/29897–11113, and 60/13754–11114 (Chicago).

OLIVER, Chief Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, have been limited to three items, identified on the invoices as wheelbarrow (item 2591), napkin holder (item 5120), and plate mats (item 5639). All of the articles were classified under the provisions for baskets in paragraph 411 of the Tariff Act of 1930, as modified by T.D. 54108, and assessed at the appropriate rate of duty, depending on the date of entry or the date of withdrawal from warehouse of the merchandise. As to all other merchandise included on these invoices, the protests have been abandoned.

Plaintiff claims that none of the items in question is a basket and that all of them are properly classifiable under the provision for manufactures of wood, not specially provided for, in paragraph 412 of the Tariff Act of 1930, as modified, and dutiable thereunder at the rate of 16⅔ per centum ad valorem.

The evidence before us consists of samples of the present merchandise and the oral testimony of the president of the plaintiff corporation, an importer of basketware and wicker goods. Following is a summary of the record.

Samples of the articles under consideration have much influence in disposing of the present issue. Samples are potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995. All of the items in question are admittedly composed of rattancore. The wheelbarrow (plaintiff's exhibit 1) consists of a bucket, measuring 6 inches in length, 5½ inches in width, and 3 inches in height, that sets on a yoke which extends sufficiently far back to form two handles. Affixed to the yoke is a wheel, and, below the handles, are pieces of rattancore, bent in such a manner as to form a leg under each handle. The wheelbarrow, with flowers or fruit usually placed in the open bucket, is used as a

decorative piece on the table or the mantelpiece. The napkin holder (plaintiff's exhibit 2) has a base, approximately 7½ inches long and 2½ inches wide. Woven rattancore, approximately 4½ inches high, forms the two sides extending the length of the article. The ends are formed by a slight folding of the larger sides around the corners of the bottom. The design and construction of the said napkin holder support the witness' statement that it is used "to hold napkins on a table for the use of a family, or anyone who is eating." (R. 7.) The plate mat (plaintiff's exhibit 3) is a flat, circular article, 9¼ inches in diameter, having the general shape and appearance of a plate, woven from rattancore. It is used, as stated by the witness, "to support the paper plate when one is eating informally, in the buffet, to keep the plate from falling or sagging." (R. 7–8.) There is also reference in the witness' testimony of the use of the article as a wall mat with a decoration on it.

To support the collector's classification of the present merchandise, Government counsel, in his brief, cites *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, T.D. 38728, which involved certain merchandise that had been described on the invoice as a "Japanese tray." In holding the article to be classifiable under the provision for baskets, as assessed by the collector, our appellate court stated as follows:

In substance, all the dictionaries and encyclopaedias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. We think such a definition correctly expresses the common understanding of the meaning of the word.

The *Byrnes* case, *supra*, arose under the Tariff Act of 1913, and was decided in May 1921. Since then, the limited effect of the decision therein has been emphasized through judicial pronouncements. The case of *Quon Quon Company* v. *United States*, 48 Cust. Ct. 440, Abstract 66729, involved a variety of items that had been classified as baskets. In holding a serving tray not to be a basket, we commented on the *Byrnes* case, *supra*, as follows:

* * * The *Byrnes* case is not ironclad authority on the subject, for it admittedly was submitted for decision upon the scantiest of records, the mere introduction of a sample, and without the benefit of a brief on behalf of the losing party. We do not consider it authority for the proposition which seems to be urged by the defendant that all trays made of interwoven basket materials are *ipso facto* baskets.

In *Royal Cathay Trading Co. et al.* v. *United States*, 45 Cust. Ct. 99, C.D. 2206, reference was made to the *Byrnes* case as follows:

* * * It is true that, in its decision in the *Byrnes* case, *supra*, our appellate court indicated by the language, hereinbefore quoted [hereinabove set forth] what it considered to be the common meaning of the term "basket," and it is quite possible that, in a strictly literal sense, the articles at bar fall within that description, but it is not our understanding that the description has been, or was meant to be, applied in a strictly literal fashion. Examples of articles which might literally be within the description of "baskets" in the *Byrnes* case, but which were held not to be classifiable as baskets, are the straw bags, the subject of *United States* v. *Basket Importing Co.*, 13 Ct. Cust. Appls. 98, T.D. 40941, and the rattancore table tops the subject of *United States* v. *Quon Quon Company*, 46 C.C.P.A. (Customs) 70, C.A.D. 699.

In each of those cases, although the article involved responded to the definition of the *Byrnes* case, our appellate court considered that the obvious or proved nature and use of the article established its character as other than of baskets, and we think this is true of the articles at bar. They are quite obviously suitcases or valises or hand luggage, and, while it has not been established by oral testimony or documentary evidence that their use is as such, we think this is one of the instances where mere examination of the exhibits is sufficient to establish use without the necessity of recourse to the presentation of other forms of evidence to establish the fact.

What was said in the *Royal Cathay Trading Co.* case, *supra*, concerning the merchandise involved therein, has equal application to the items here under consideration. The obvious nature and use of the articles in question are other than those of baskets. An examination of the samples in evidence is sufficient to establish the identity of the present merchandise. One is a decorative item, shaped like a wheelbarrow (exhibit 1, *supra*) ; the other two are articles of utility, i.e., a napkin holder (exhibit 2, *supra*) and a plate mat (exhibit 3, *supra*).

Counsel for defendant argues, in his brief, that the record herein fails to establish chief use of the merchandise under consideration. Whether or not "chief use" has been properly established depends upon the issues and the evidence in each case, *United States* v. *F. W. Woolworth Co.*, 23 CCPA 98, T.D. 47765. While it is true that the testimony herein shows that the witness' observation concerning the use of the present merchandise is limited to a certain section of the United States, it is fair to say, from the evidence adduced herein, including the samples before us, that each of the items under consideration would be used in substantially the same manner, and by substantially the same class of people, in one section of the country as in another. Under such circumstances, chief use of the present merchandise is established under the rule, the *Woolworth* case, *supra*.

The reference in defendant's brief to the item involved in the *Quon Quon Company* case, Abstract 66729, *supra*, described as "an interwoven article of the size and shape of a pie plate," has no influence over the disposition of the issue in the present case. The conclusion, in the cited case, sustaining the collector's classification of the article under the tariff provision for baskets, was based on a "record [that] does not establish *prima facie* that it is *not* a basket and, consequently, the presumption of correctness attaching to the collector's classification has not been overcome." [Italics quoted.] In this case, plaintiff's uncontradicted evidence is sufficient to establish that the items under consideration are not baskets. Since the articles in question are indisputably composed of rattancore, and not being specifically provided for, they are, therefore, properly classifiable under the provision for manufactures of wood, not specially provided for (*Calif-Asia Co., Ltd.* v. *United States*, 39 CCPA 133, C.A.D. 475).

Consideration has been given to all of the cases cited, and the authoritative references mentioned, in the briefs filed by counsel for the respective parties. Our discussion herein has referred only to the cases deemed necessary to support the reasoning followed and the conclusion reached.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the items in question, as heretofore identified, to be properly dutiable at the rate of 16⅔ per centum ad valorem under paragraph 412, as modified, as manufactures of wood, not specially provided for, as claimed by plaintiff. As to all other merchandise included on the invoices covered by the entries involved herein, the protests are dismissed.

Judgment will be rendered accordingly.