(C.D. 2702)

IMPORTED MERCHANDISE COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 6, 1966)

*Wallace & Schwartz* (*Earl R. Lidstrom* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Morris Braverman* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before OLIVER, NICHOLS, and WATSON, Judges

NICHOLS, Judge: The merchandise involved in this case is described on the invoice as a bleached rattancore sled. It was imported from Hong Kong, entered at the port of Chicago on September 29, 1960, and assessed with duty at 42½ per centum ad valorem under paragraph 411 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as baskets, wholly or in chief value of wood. It is claimed that the merchandise is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of said tariff act, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 52373 and T.D. 52476, as manufactures in chief value of wood, not specially provided for.

Plaintiff's contention is that the article is not a basket. A representative sample was received in evidence at the trial as plaintiff's illustrative exhibit 1. It is in the shape of an old-fashioned sleigh, the body portion being interwoven and the runners bent pieces of rattancore. A similar article was one of those before the court in *Royal Cathay Trading Co. et al.* v. *United States*, 56 Cust. Ct. 371, C.D. 2662 (decided April 25, 1966). This one is of the same shape and construction but smaller. We held, in that case, that a basket is a semiflexible vessel or container, used to hold, protect, or carry, and that the sleigh was of such shape that any use to hold, protect, or carry anything would be fugitive and marginal and that most objects would fall out. On the basis of the sample which was a "potent

witness" and on the authority of *Imported Merchandise Company* v. *United States*, 52 Cust. Ct. 313, Abstract 68437, we held that the sleigh was not a basket and was dutiable under paragraph 412, as modified, as a manufacture of wood, not specially provided for.

One witness was called in the instant case, an officer of the importer. She said the use of the article is as a mantelpiece decoration, and "you put flowers in this," which does not prove any material fact as to use and does not significantly differentiate this record from that made in *Royal Cathay, supra*. The sample itself is a "potent witness" and, on the basis thereof and on the authority of the *Royal Cathay* case, we hold that the merchandise involved herein is not classifiable as baskets but is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures in chief value of wood, not specially provided for.

The protest is sustained, and judgment will be rendered for the plaintiff.