**INTERNATIONAL ARTWARE CORPORATION**

v.

**UNITED STATES.**

**C.D. 4146; Protests 67/41742–8264, etc.**

United States Customs Court,
First Division.

Dec. 16, 1970.

Baker, Hostetler & Patterson, Cleveland, Ohio (H. Stephen Madsen, Cleveland, Ohio, of counsel), for plaintiff.

Carl Eardley, Acting Asst. Atty. Gen. (Harold L. Grossman and Andrew P. Vance, New York City, trial attorneys), for defendant.

Before WATSON, MALETZ, and RE, Judges.

RE, Judge:

The legal question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise invoiced as hanging baskets.

The articles, which comprise the merchandise in issue, are admittedly of rattan, and were classified by the customs officials as rattan baskets under item 222.42 of the Tariff Schedules of the United States. They were consequently assessed with duty at the rate of 34 per centum ad valorem. Plaintiff has protested the classification and maintains that the articles should have been properly classified as articles of rattan not specially provided for, under item 222.-60 of the tariff schedules, and therefore dutiable at only 25 per centum ad valorem.

For purposes of convenience the pertinent provisions of the Tariff Schedules of the United States may be set forth as follows:

*Classified under:*

*Schedule 2, part 2, subpart B:*

"Baskets and bags, of unspun fibrous vegetable materials, whether lined or not lined:

\* \* \* \* \* \*

222.42 Of rattan or of palm leaf . . . 34% ad val."

*Claimed under:*

*Schedule 2, part 2, subpart B:*

"Articles not specifically provided for of unspun fibrous vegetable materials:

222.60 Of one or more of the materials bamboo, rattan, willow, or chip . . . 25% ad val."

■ Specifically, therefore, the question presented is whether the rattan articles before the court are rattan baskets, as classified by the customs officials, or, articles not specially provided for of rattan, as claimed by plaintiff. Since the articles are admittedly of rattan, in view of the presumption of correctness that attaches to the classification of the customs officials it is clear that plaintiff must establish that the articles are not "baskets", and that they are "not specially provided for". Hays-Sammons Chemical Co. v. United States, 55 CCPA 69, C.A.D. 935 (1968); United States v. National Starch Products, Inc., 318 F.2d 737, 50 CCPA 1, C.A.D. 809 (1962).

At the trial, plaintiff introduced into evidence samples of most of the rattan articles in controversy, and it was stipulated that they are representative of the imported merchandise. If samples were not available, photographs of the articles were introduced into evidence. Neither samples nor photographs were available for some of the articles.

Plaintiff's only witness was Mr. Ronald Bernon, executive vice-president of Inarco Corporation, the parent corporation of the plaintiff. Mr. Bernon's duties included the procuring and maintaining of inventory levels, as well as the merchandising and sales of all of the items of the Inarco Corporation throughout the United States. He testified that the various articles before the court were designed by Inarco as floral containers. He stated that they were "designed and scaled to be in the proper sizing for artificial flower and live flower arrangements", and that none of them by itself will "hold or contain artificial plastic flowers, or any flowers." The witness explained that the articles are used as planters for artificial or live flowers, but to use them "[y]ou must use an adhesive or styrofoam, something to insert the flowers in to hold them."

Mr. Bernon testified that the planters, together with the artificial flower arrangements, are sold as a floral unit. He had seen these units used in many homes and commercial places, such as banks, restaurants and offices. He did not know of any other use, nor had he seen them used for any other purpose. In cross-examination, the witness testified that the articles before the court are hollow or concave in shape. He reaffirmed that the articles are used as "planters", and described a planter as "an item that is used to hold artificial flowers, or live flowers." He admitted that fruit could be put in one exhibit; that slices of bread could be put in another; candy, pretzels, or "other toothsome articles" in another; nuts or chocolates in another, and that artificial flowers could be put in still another without the use of a "binder". On redirect he added that he had never seen any of the rattan articles in question filled with candy, bread, fruit or other toothsome items, and that he did not know of any customer who used them without the aid of a styrofoam or other device to hold the flower arrangement.

Mr. Raymond A. Flynn, who is employed by the Higbee Company as merchandise manager of housewares, testified on behalf of the defendant. He examined all of the exhibits before the court and testified that as buyer for the Higbee Company he had bought mer-

chandise of the same material, design and style. He stated that he ordered the merchandise as "baskets", and that it was advertised for sale as "baskets". Mr. Flynn testified that not only has he seen the articles before the court at houseware conventions where they were designated "baskets", but also that on his knowledge and experience their general designation is "baskets". He added that he has seen some of the articles in question used on a dining room table for rolls, fruit or flowers. He had also seen one exhibit used as a hanging basket containing artificial flowers or greens, and others "to hang artificial fruit or any decorative accessories". With only two exceptions, plaintiff's exhibits 9 and 12, Mr. Flynn stated that all of the articles in question are "baskets".

In its brief, plaintiff does not refer to the large number of decided cases which dealt with the great variety of articles classified as baskets by the customs officials. Rather, it seems to rely solely upon the Court of Customs and Patent Appeals case of United States v. Quon Quon Company, 46 CCPA 70, C.A.D. 699, (1959), for the proposition that the "term 'basket' has a use connotation and therefore articles, to be encompassed by the term must, in fact, be used as baskets." Quoting from the *Quon Quon Company* case the oft-repeated definition of "basket" found in the case of United States v. Byrnes & Co., 11 Ct.Cust.App. 68, T.D. 38728 (1921), plaintiff adds that this "is true even though an *eo nomine* designation is involved."

Judge Rich, who delivered the opinion of the court in the *Quon Quon Company* case, quoted the definition found in the *Byrnes & Co.* case to indicate that the court in the *Byrnes & Co.* case had also considered the use of the articles in determining whether they were baskets. For this purpose the *Byrnes & Co.* case lent support to the holding of the *Quon Quon Company* case that "use cannot be ignored in determining whether an article falls within an *eo nomine* tariff provision for baskets." 46 CCPA at 73. Although Judge Rich spoke of the "some-

what ambiguous language" of the definition or description of "basket" set forth in the *Byrnes & Co.* case, there was no difficulty with that portion which stated that "it is adapted *and used* to hold, protect, or carry suitable commodities that may be placed therein." *Ibid.* [Emphasis added therein.]

In the *Quon Quon Company* case the government appealed from a judgment of this court which held that certain rattancore, woven articles, were dutiable as parts of furniture under paragraph 412 of the Tariff Act of 1930. They had been classified by the collector of customs as baskets under paragraph 411 of that act. Although the articles were said to "look like shallow, flat baskets", the government admitted that they were used as parts of furniture. Thus, the court stated that the issue presented was "whether the merchandise falls within the provision for baskets regardless of its admitted use as parts of furniture." *Id.* at 72. The record therein clearly established that the articles were "sold and used only as tops of coffee and cocktail tables" and that they were "not likely to be used as baskets." Furthermore, it was not disputed that "upon assembly with iron bases of domestic manufacture the combination is furniture." Under those circumstances the Court of Customs and Patent Appeals held that "the use of the merchandise cannot be ignored in determining whether it is properly classifiable as baskets." *Id.* at 74.

In view of the uncontroverted evidence of actual use of the articles as table tops, that is, parts of furniture, the court held that plaintiff had sustained its burden in proving that they were more accurately described in the paragraph of the tariff act which covered parts of furniture. Hence, the court sustained the decision of the Customs Court that the articles were parts of furniture rather than baskets.

In the course of his decision, Judge Rich observed that the arguments of the parties pertaining to the existence of *eo nomine* provisions obfuscated the real issue. There could be no question

that the provision for baskets was an *eo nomine* provision. He noted, however, that the real problem was simply whether the imported articles were "in fact 'baskets'", and added that "[r]easoning from old cases involving *different* articles tends more to obscure the issue than to answer it." *Id.* at 73. [Emphasis in original.]

■ The appellate opinion in the *Quon Quon Company* case contains the following statements that are helpful in determining whether an article is "in fact" a basket within the *eo nomine* provision:

"Of all things most likely to help in the determination of the identity of a manufactured article, beyond the appearance factors of size, shape, construction and the like, use is of paramount importance. To hold otherwise would logically require the trial court to rule out evidence of what things actually are every time the collector thinks an article, as he sees it, is specifically named in the tariff act." *Ibid.*

Although these quoted statements may perhaps be deemed to lend support to plaintiff's contention in the case at bar, it must be remembered that they were made in a case where the customs officials had classified table tops as baskets. The evidence in the *Quon Quon Company* case left no room for doubt that table tops were parts of furniture and, therefore, should have been dutiable under the appropriate provision covering parts of furniture. This court had so held and the appellate court affirmed.

In a case where the question presented is whether certain articles are baskets for customs duty purposes, a convenient point of beginning is an examination of the case of United States v. Byrnes & Co., 11 Ct.Cust.App. 68, T.D. 38728 (1921). The question presented in the *Byrnes & Co.* case was whether the merchandise therein was classifiable as it had been by the collector of customs, as baskets of bamboo, instead of manufactures of wood, as claimed by the importer and held by the Board of General Appraisers. The Court of Customs Appeals enunciated the following definition, that it found in substance in all dictionaries and encyclopedias, as expressing the common understanding of the meaning of the word basket:

"* * * a vessel of varying capacity made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting or carrying any commodity." 11 Ct.Cust.App. at 69.

The court then set forth a definition of "tray", and referring to the article there in issue, stated:

"The fact that a given use may cause it to be called a tray, does not, necessarily, exclude it from the basket category. We think it is within the provisions of paragraph 175 [of the Tariff Act of 1913] a basket of bamboo, and is more specifically therein provided for than in the provision for manufactures of wood in paragraph 176. The bottom is interwoven, as baskets commonly are, and it is adapted and used to hold, protect, or carry suitable commodities that may be placed therein." *Ibid.*

In reversing the Board of General Appraisers, and holding that the articles therein were baskets, the court in the *Byrnes & Co.* case, in support of its holding, referred to the case of Morimura Bros. v. United States, 8 Ct.Cust. App. 211, T.D. 37438 (1917). The articles in the *Morimura Bros.* case consisted of woven basketwork frames having the shape of vases, fern pots, jardinieres, lamp stands or similar articles fitted with tin bowls or buckets of the same shape and size to make them watertight and hence more serviceable. They included trays of the same construction fitted with glass bottoms. The Board of General Appraisers sustained their classification as baskets in chief value of wood under paragraph 175 of the Tariff Act of 1913. The importer claimed that they were fern pots, flower vases, jardinieres, trays, and the like, dutiable

as manufactures in chief value of wood, not specially provided for, under paragraph 176 of that act. The frames without the tin linings would serve as receptacles for cut flowers or ferns, but with the tin linings inserted they would become watertight and would be capable of holding cut flowers or ferns arranged with water or wet moss. The articles had been assessed with duties as entireties under the classification of baskets.

After setting forth some of the lexicographic definitions of "basket", the court stated:

"According to the common understanding of the word 'basket,' as exemplified by these definitions, we feel sure that the woven wicker frames of the present articles, if taken alone, would come within that name. This results from their size, shape, appearance, method of construction, and practicable uses. The so-called jardinieres and lamp stands are of the familiar size and shape of small waste baskets; the so-called vases and fern pots are flower baskets in form and usefulness. The so-called tray, if filled with flowers or fruit, would properly bear the name of flower or fruit basket. Like other baskets these articles are woven of bamboo or of flexible wooden twigs. They are all serviceable for ordinary basket uses, namely, for 'holding, protecting, or carrying commodities,' and if judged by their external appearance alone they would immediately upon inspection justify the classification of baskets." 8 Ct.Cust.App. at 213–214.

As for the lining designed to be inserted in the articles, whether of tin or glass, the court observed that it might improve the articles' respective uses as baskets, but "their essential character and uses remain unchanged. * * * They remain baskets nevertheless, and in this case they directly respond to the description of baskets composed in chief value of wood, under which provision they were assessed." 8 Ct.Cust.App. at 214.

In the *Morimura Bros.* case, therefore, the court held that the articles, whether lined with tin or containing a plate of glass at the bottom, were "in fact baskets."

The court is aware of the fact that the definition of "basket" found in the *Byrnes & Co.* case, which Judge Rich, in the *Quon Quon Company* case said contained "somewhat ambiguous language", has not been followed strictly and uniformly. For example, in Royal Cathay Trading Co. et al. v. United States, 56 Cust.Ct. 371, C.D. 2662 (1966), it was shown, and this court held, that "a basket, otherwise qualifying as such, is not excluded from that classification by reason of embodying no woven work," Hence, in the *Royal Cathay Trading Co.* case, certain articles of rattancore were held dutiable as baskets even though they did not conform with the definition that a basket is a "vessel * * * commonly interwoven."

The definition was not applied literally in the cases of Krauss & Co. et al. v. United States, 21 Treas.Dec. 35, Abs. 26046 (T.D. 31757) (1911), and American Import Co. v. United States, 49 Treas.Dec. 1150, Abs. 51371 (1926) where the merchandise consisted of bassinets used for holding or carrying babies. Since a baby is not a "commodity", clearly the bassinet did not conform with that portion of the definition which speaks of "holding, protecting or carrying any *commodity*." Nevertheless, a bassinet was held to be a basket for customs duty purposes.

By the same token, items that might conceivably come within the literal meaning of the *Byrnes & Co.* case definition have been held *not* to be baskets. For example, it was not applied to suitcases and valises manufactured in part of rattan. The court stated that "nobody considers suitcases or valises to be a variety or kind of baskets." Hence, it was held that they were not baskets and were properly classifiable as articles not specially provided for, partly manufactured of rattan. Royal Cathay Trading Co. et al. v. United States, 45 Cust.Ct. 99, 101, C.D. 2206 (1960).

In Quon Quon Company v. United States, 48 Cust.Ct. 440, Abs. 66729 (1962), it was held that serving trays

are not baskets. The court observed that they are not vessels "in the sense that baskets are vessels", and that it did not believe that "anyone in ordinary speech would call a serving tray a 'basket.' " 48 Cust.Ct. at 441.

In Quon Quon Company v. United States, 41 Cust.Ct. 178, C.D. 2038 (1958), this court held that rattancore covers for cardboard boxes of paper tissues were not dutiable as baskets. The court stated that the article there was "a *cover* which fits over the top and sides of the article covered much the same as the cover for a cake plate fits over the cake, or the metal domes used to keep food warm fit over the food on a plate." 41 Cust.Ct. at 180. [Emphasis in original.] The court noted that each of "these articles *contains* the thing with which it is used in very much the same sense that [the article there in issue] contains the box of paper tissues, but the primary function in each case and the true identification is as a *cover* rather than as a *vessel* or *container*." *Ibid.* [Emphasis in original.]

This particular *Quon Quon Company* case,\* which held that *covers* for boxes of paper tissues were not baskets, referred to the Court of Customs Appeals case of United States v. Basket Importing Co., 13 Ct.Cust.App. 98, T.D. 40941 (1925), which recognized the distinction between baskets and bags. In the *Basket Importing Co.* case the court held that certain woven straw bags, used by ladies for carrying purposes, were not baskets. The court stated that, under both dictionary definitions and decisions of the courts, "it is too clear to admit of serious contention to the contrary that the importation is a bag and not a basket." 13 Ct.Cust.App. at 100.

Flower cages, in the general shape of an old-fashioned lantern or bird cage and designed to have a pot or container placed therein to hold plants or flowers and hung from a hook or rod, were held not to be baskets in Quon Quon Company v.

United States, 41 Cust.Ct. 181, C.D. 2039 (1958).

It has also been held that a rattancore article, the shape of a wheelbarrow, used as a decorative piece is not a basket. Imported Merchandise Company v. United States, 52 Cust.Ct. 313, Abs. 68437 (1964).

Additional cases could be cited and discussed which would demonstrate the extensive judicial treatment that has been accorded the question of what constitutes a basket for customs duty purposes. A helpful analysis is found in the case of Royal Cathay Trading Co. et al. v. United States, 56 Cust.Ct. 371, C.D. 2662 (1966), where the court was required to pass upon a variety of rattancore articles that had been classified as baskets. Plaintiff claimed that some of the articles were not baskets, but cover plates, trays, planters and a sleigh, and that they were dutiable as "manufactures in chief value of wood, not specially provided for." Judge Nichols, writing for the court, described the articles with great care, and referred to many of the existing judicial precedents. Of the great variety of articles which had been classified as baskets, Judge Nichols referred to a number of cases where the courts disagreed and held that some of them were not baskets. In the *Royal Cathay Trading Co.* case the court, on the authority of the *Imported Merchandise Company* case, which held that a rattancore wheelbarrow was not a basket, held that one of the articles, the sleigh, was not a basket. On the other hand, it was noted that "[w]oven rattancore or reed cornucopias, used as display items containing natural or artificial flowers and fruits; pie plates, used to pack and market dried fruit, and picnic hampers have been held to be baskets. The American Import Co. v. United States, 44 Cust.Ct. 97, C.D. 2158 [1960] ; Quon Quon Company v. United States, 48 Cust.Ct. 440, Abstract 66729 [1962]."

---

\* None of these *Quon Quon Company* cases is the one which dealt with table tops and was decided in 1959 by the Court of

Customs and Patent Appeals reported in 46 CCPA at 70.

All of the cases examined reveal that, as in other tariff classification cases, much depends upon the evidence adduced at the trial and the nature of the articles themselves. For example, in the case of the sleigh in the *Royal Cathay Trading Co.* case, Judge Nichols specifically referred to the fact that the sample was a "potent witness", and held that the correctness of the collector's classification was overcome. 56 Cust.Ct. at 378.

A study of the judicial precedents will also show that, notwithstanding exceptions, limitations or modifications, necessitated by the determination to decide particular cases justly, the substance of the definition of "basket" found in the *Byrnes & Co.* case not only persists, but is still essentially valid. The various lexicographic definitions have not really changed. Furthermore, what was stated in the older cases as to the nature of "baskets", relying in large measure on those definitions, is equally true today. This can be demonstrated by a comparison of the following dictionary definitions with the definition set forth in the *Byrnes & Co.* case:

Funk & Wagnalls New Standard Dictionary of the English Language (1956) at p. 234.

> "basket: 1. A vessel of varying capacity, made of flexible materials, as twigs, splints, or strips of metal, interwoven and commonly bound at the top."

Webster's New International Dictionary 2nd Edition (1957) at p. 227.

> "basket: 1. A vessel made of osiers or other twigs, cane, rushes, splints, or other flexible material, interwoven."

Webster's Third New International Dictionary (1968) defines basket as "a receptacle made of interwoven osiers, cane, rushes, splints, or other flexible material."

As indicated previously, the *Byrnes & Co.* case definition states that a basket is:

> "a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity."

Judge Nichols, in the *Royal Cathay Trading Co.* case, commenting on this definition, noted that it "appears to live on insofar as it establishes that a basket must be a 'vessel,' used as a container is used." 56 Cust.Ct. at 375. He added that a "vessel is a hollow or concave utensil for holding anything." *Ibid.*

This latter statement is a paraphrasing of the meaning of the word "vessel" as set forth in dictionaries. Webster's Third New International Dictionary (1968), for example, states that the word is derived from the old French, meaning receptacle or container, and that it is "a hollow * * * or concave utensil * * for holding something * * *." The interesting and instructive article under the word "basket" in volume 3 of the Encyclopaedia Britannica (1970 edition) at pages 244–245 commences with the description that it is "a container made by hand by interlacing or coiling and sewing vegetable fibres (twigs, roots, canes, grasses or other materials)." On the subject of uses the article states that basketry "has served a wide variety of religious and secular functions through the ages."

■■ A perusal of the various definitions of the meaning of basket will show that they are broad and general. Notwithstanding modifications, qualifications or exceptions, the available literature establishes that a basket is a vessel, container or receptacle used for the purpose of holding, protecting or carrying. In the case at bar there can be little doubt that, with the two exceptions of exhibits 9 and 12, the articles in issue possess the essential qualities and characteristics of baskets. As stated by Judge Mollison in Quon Quon Company v. United States, 41 Cust.Ct. 181, 184, C.D. 2039 (1958), "[a]n article which is a basket is so because in its major aspects it fulfills all of the requirements of a basket as set forth in the *Byrnes* case and because it partakes of the nature of a basket."

The court does not agree with plaintiff's assertion that the articles at bar

"by themselves" are not adaptable for use to hold, protect or carry suitable commodities. The mere fact that plaintiff uses them with an adhesive or styrofoam or in a particular way does not prevent them from being classified as baskets if they satisfy all of the essential characteristics of baskets. It may be recalled that the insertion of a tin bowl or glass bottom in the basketwork frames in the *Morimura Bros.* case did not prevent the articles from being classified as baskets. Morimura Bros. v. United States, 8 Ct. Cust.App. 211, T.D. 37438 (1917).

The defendant states its firm belief that a reading of the pertinent definitions of basket, and an inspection of the samples clearly establish that the rattan items before the court are baskets. It adds that the testimony of the witnesses "not only supports the defendant's contentions, but also unequivocally establishes that the samples are baskets." (Defendant's brief, p. 8) With the two exceptions mentioned by Mr. Flynn, the court agrees for the testimony of both witnesses leaves no doubt that the articles in question are vessels, receptacles or containers within the meaning of the pertinent definitions.

With the exception of plaintiff's exhibits 9 and 12, the record fully supports defendant's contention that the merchandise in question has been correctly classified by the customs officials. As to all such merchandise plaintiff not only has failed to show that the district director's classification was wrong, but also failed to show that the claimed classification is correct. As to all such articles, the assigned classification is sustained as correct and proper, and the protests are overruled.

■ As for the proper tariff classification of plaintiff's exhibits 9 and 12, a different situation is presented. It is axiomatic in customs classification cases that the sample is a "potent witness". See Royal Cathay Trading Co. et al. v. United States, 56 Cust.Ct. 371, 378, C.D. 2662 (1966); Marshall Field & Co. v. United States, 45 CCPA 72, 81, C.A.D. 676 (1958); United States v. Abercrom-

bie & Fitch Co., 20 CCPA 267, 270, T.D. 46060 (1932); United States v. The Halle Bros. Co., 20 CCPA 219, 221, T.D. 45995 (1932). The court has therefore carefully examined the two exhibits and has concluded that they fully support the witnesses' testimony that they are not baskets. Although these articles have not been described by the witnesses, nor is a description found in the record, they may be said to have the appearance of a sphere or globe formed by eight longitudinally bent rattan twigs. Whereas exhibit 9 consists of five globes attached to one another by rattan links resembling a chain, exhibit 12 consists of a single globe. In exhibit 9, the twigs forming the globe are inserted and glued into rattan plugs which are at the pole ends of each globe and approximately 4½ inches apart. In exhibit 12, the twigs are similarly attached at the pole ends of the single globe but there is, in addition, a twig which serves as a central axis 5 inches long. At one end of each exhibit there are rattan links, three in exhibit 9 and five in exhibit 12, permitting the articles to be hung from a ceiling or other appropriate place.

■ On the basis of the samples of exhibits 9 and 12, and the pertinent judicial precedents, the court holds that neither of such articles is a basket. [Imported Merchandise Company v. United States, 56 Cust.Ct. 554, C.D. 2702 (1966) (rattancore sled not a basket); Royal Cathay Trading Co. et al. v. United States, 56 Cust.Ct. 371, C.D. 2662 (1966) (rattancore sleigh not a basket); Imported Merchandise Company v. United States, 52 Cust.Ct. 313, Abs. 68437 (1964) (rattancore wheelbarrow not a basket); Quon Quon Company v. United States, 41 Cust.Ct. 181, C.D. 2039 (1958) (rattan flower cage not a basket).]

In view of the foregoing the court finds that, as to that merchandise of which plaintiff's exhibits 9 and 12 are representative samples, plaintiff has met its dual burden of proof and has overcome the presumption of correctness that attaches to the district director's classification. As to such articles, therefore,

the court holds that the assigned classification is erroneous, and that they are classifiable as articles of rattan not specially provided for, under item 222.60 of the Tariff Schedules of the United States, with duty at the rate of 25 per centum ad valorem. As to the merchandise represented by those exhibits, the assigned classification is set aside and the protests are sustained.

As to all other merchandise embraced in the protests, the classification of the district director is sustained, and as to all such merchandise the protests are overruled. Judgment will issue accordingly.