(C.D. 3222)

## America Asia Company *v*. United States

United States Customs Court, First Division

(Decided December 11, 1967)

*Glad & Tuttle* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in these cases consists of various articles, described in the stipulation, imported from Hong Kong and entered at the port of Los Angeles during 1961 and 1962. The articles were assessed with duty at various rates under paragraph 411 of the Tariff Act of 1930, as modified, as baskets of wood. It is claimed they are properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of said tariff act, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, and 85 Treas. Dec. 138, T.D. 52476, as manufactures in chief value of wood, not specially provided for.

Counsel for the respective parties have submitted these cases for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protests enumerated in the annexed Schedule which is incorporated herein:

1. That the merchandise represented by the items marked "B" and initialed tas & SJS (Commodity Specialist's Initials) by T. A. Strada & S. J. Sako (Commodity Specialist's Name) on the invoices accompanying the entries covered by the protests enumerated in the at-

tached Schedule, assessed with duty at 42½%, 38%, or 34% ad valorem under Para. 411, Tariff Act of 1930, consists of rattancore coolie hat planters, sleighs, modern shaped trays, serving trays, snack trays, and hanging planters the same in all material respects as the rattancore coolie hat planters, sleighs, modern shaped trays, serving trays, snack trays, and hanging planters the subject of *Royal Cathay Trading Co., W. J. Byrnes & Co., et al.* v. *United States*, C.D. 2662, wherein said merchandise was held to be properly dutiable at only 16⅔% ad valorem under Para. 412 of said Act, as modified by T.D. 52373.

2. That the merchandise represented by the items marked "G" and initialed tas & SJS (Commodity Specialist's Initials) by T. A. Strada & S. J. Sako (Commodity Specialist's Name) on the invoices accompanying the entries covered by the protests enumerated in the attached Schedule, assessed with duty at 34%, 38% or 42½% ad valorem under Par. 411 of the Tariff Act of 1930, consists of trays, serving trays, snack trays, display trees, etc., which are in no part of rattan, similar in all material respects to the trays, serving trays, snack trays, display trees, etc., not in any part of rattan, the subject of *Quon Quon Company* v. *United States*, 48 Cust. Ct. 440, Abstract 66729, wherein said merchandise was held properly dutiable at only 16⅔% ad valorem under Par. 412 of said Act, as modified by T.D. 52373.

3. That the merchandise represented by the items marked "H" and initialed SJS (Commodity Specialist's Initials) by S. J. Sako (Commodity Specialist's Name) on the invoices accompanying the entries covered by the protests enumerated in the attached Schedule, assessed with duty at 38% ad valorem under Para. 411, Tariff Act of 1930, consists of rattancore plate mats the same in all material respects as the rattancore plate mats the subject of *Imported Merchandise Company* v. *United States*, 52 Cust. Ct. 313, Abst. 68437, wherein said merchandise was held to be properly dutiable at only 16⅔% ad valorem under Para. 412, of said Act as modified by T.D. 52373.

4. That the records in C.D. 2662, Abst. 68437 and Abst. 66729, may be incorporated with the record in this case.

5. That the claims in the protests as to any other merchandise excepting those items marked "B", "G" or "H", are hereby abandoned.

6. That the claims in the protests enumerated in the attached Schedule are limited to the entries enumerated in said Schedule, and all claims as to all other entries covered by these protests are hereby abandoned.

7. That the protests herein be deemed submitted on this stipulation and the record thus made.

In view of this stipulation and on the authority of the decisions cited therein, we hold that the merchandise represented by the items marked with the letter "B" consisting of rattancore coolie hat planters, sleighs, modern shaped trays, serving trays, snack trays, and hanging planters, or with the letter "G" consisting of trays, serving trays, snack trays, display trees, etc., or with the letter "H" consisting of

rattancore plate mats, and with the initials of the commodity specialists, on the invoices accompanying the entries covered by the protests enumerated in schedule "A," attached hereto and made a part hereof, is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures in chief value of wood, not specially provided for.

The protests are sustained and judgment will be entered for the plaintiff.