## UNITED STATES *v.* BYRNES & Co. (No. 2079).[1]

1. CONSTRUCTION, PARAGRAPH 175, TARIFF ACT OF 1913—"BASKETS"—TRAYS.

A basket is a vessel made of flexible material such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for holding, protecting, or carrying some commodity. A tray may be a basket.

2. "JAPANESE TRAYS."

A flat, circular article of interwoven bamboo, about 12½ inches inside diameter, with a side or edge of the same manufacture and about five-eighths of an inch thick and high, invoiced as a "Japanese tray," is a basket as well as a tray, and is more specifically provided for as such under paragraph 175, tariff act of 1913, than as a manufacture of wood under paragraph 176. It is dutiable accordingly, since there is no provision in the act for trays eo nomine.

### United States Court of Customs Appeals, May 23, 1921.

Appeal from Board of United States General Appraisers, Abstract 43898.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

Submitted on record by appellees.

[Oral argument May 3, 1921, by Mr. Hanson.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision.

BARBER, Judge, delivered the opinion of the court:

This appeal is argued by the Government, but there is no appearance on behalf of importers.

While some question as to the sufficiency of the protest was made by the Government before the Board of General Appraisers, the sole contention here is that the merchandise should be classified, as it was by the collector, under paragraph 175 of the tariff act of 1913, as baskets of bamboo, instead of as manufactures of wood under paragraph 176 of the act, as claimed by the importers and held by the board.

The only testimony introduced before the board was that of a customs examiner, called by importers, who testified that the invoice called for Japanese trays, and that the sample shown him, which is before us, was representative of the goods invoiced.

There is no question of commercial designation.

The official exhibit before us is a flat, circular article of interwoven bamboo, about 12½ inches inside diameter, with a side or edge perpendicular to the flat surface or bottom, and extending around the same, apparently of the same material. This side is about five-eighths of an inch high, and a little more than one-half an inch in thickness. If the article is a basket, the judgment of the Board of General Appraisers should be reversed; if not, it must be upheld.

[1] T. D. 38728.

In substance, all the dictionaries and encyclopædias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. We think such a definition correctly expresses the common understanding of the meaning of the word.

An ordinary dictionary definition given to the word "tray" is, in substance, a flat, shallow vessel, variously shaped, but ordinarily with slightly raised edges. It may be composed of a great variety of materials and devoted to a large number of uses.

In Webster's New International Dictionary the word "tray" is defined as follows:

1. A shallow, wooden trough or bowl, or a basket, for domestic uses.
2. Hence, any shallow receptacle for holding or carrying articles.

While the appearance of the exhibit indicates that it may well, by reason of a particular use to which it may be applied, be called a tray, we are of opinion it is, nevertheless, a basket in its material and structure, and clearly within the common meaning of that word. The fact that a given use may cause it to be called a tray, does not, necessarily, exclude it from the basket category. We think it is within the provisions of paragraph 175 a basket of bamboo, and is more specifically therein provided for than in the provision for manufactures of wood in paragraph 176. The bottom is interwoven, as baskets commonly are, and it is adapted and used to hold, protect, or carry suitable commodities that may be placed therein. There is no denominative provision in the tariff act for trays.

The case of Morimura Bros. *v*. United States (8 Ct. Cust. Appls. 211; T. D. 37438) involved various baskets, one of which was not substantially unlike the article now before us. It also was there called a tray.

Its size is not stated in the opinion, but a reference to the testimony of record, and the briefs of counsel, indicates that it was, when the glass bottom and the lining were removed, much like the official exhibit here, the chief difference being that it was probably oblong rather than circular, and that the side or edge was a little higher. Of this article it was, in the opinion, among other things, said: "The so-called tray, if filled with flowers or fruit, would probably bear the name of flower or fruit basket."

The judgment of the Board of General Appraisers is *reversed*.