The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* QUON QUON COMPANY (No. 4945) [1]

---

[1] C. A. D. 699.

United States Court of Customs and Patent Appeals, January 9, 1959

*George Cochran Doub*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section for the United States.

*Stein and Shostak* (*Marjorie M. Shostak* of counsel) for appellee.

Before O'Connell, Acting Chief Judge, and Worley, Rich, and Martin, Associate Judges

Rich, Judge, delivered the opinion of the court:

The Government appeals from a judgment of the United States Customs Court, First Division, C.D. 1908 (rehearing denied C.D. 1924), sustaining the protests of appellee, the Quon Quon Company, and holding the imported merchandise, certain rattancore, woven articles, to be dutiable as parts of furniture under paragraph 412 of the Tariff Act of 1930 rather than as baskets under paragraph 411 of the same act as classified by the collector.

The protests, consolidated herein, concern two articles, both consisting of woven rattancore, one of oblong shape 35 inches long by 23 inches wide with an upstanding rim 3 inches deep, and the other a round shape 29 inches in diameter with a similar rim. The weave may appropriately be described as basket weave and the articles look like shallow, flat baskets.

The Customs Court opinion states:

The uncontradicted testimony offered on behalf of the plaintiff is to the effect that the merchandise at bar was originally designed, produced, sold and used as table tops, for what is apparently known as patio furniture. In use, the articles are placed on wrought iron stands of domestic manufacture, a sample of which is in evidence as plaintiff's illustrative exhibit 2, and the assembled article is used as a coffee table or cocktail table.

The pertinent provisions of the Tariff Act of 1930, as modified by trade agreement concessions, read:

Par. 411. * * * baskets * * * any of the foregoing wholly or in chief value of bamboo, wood, straw, papiermache, palm leaf, or composition of wood, not specially provided for, 50 per centum ad valorem.

Par. 412. Furniture, wholly or partly finished and parts thereof, wholly or in chief value of wood, and not specially provided for:

| | |
|---|---|
| Chairs | 20% ad val. |
| Other furniture | 12½% ad val. |
| Parts of any of the foregoing | 20% ad val. |

The Customs Court, citing as authority *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, held that the term "baskets" has a use connotation and therefore articles, to be encompassed by the term

must, in fact, be used as baskets, and since the goods herein are used as table tops they are not baskets.

The Government, while it admits that the articles are used as parts of furniture, contends that the provision for baskets in paragraph 411 is an "eo nomine designation" and not a "use designation" and consequently, since the merchandise comes within the meaning of that term, its actual use is immaterial.

The issue to be decided is, therefore, whether the merchandise falls within the provision for baskets regardless of its admitted use as parts of furniture.

The Government brief reviews numerous cases in which a tariff provision for "baskets" was involved for the purpose of showing that the term is an eo nomine provision and "not a use designation," so that use is immaterial. In the first place, each of the cited appellate court cases [2] may be distinguished in that the dispute was between an eo nomine provision for baskets and a much broader class provision, i.e., manufactures of willow, manufactures of chip, or manufactures of wood, while in the case at bar the dispute is between baskets and a provision of much greater specificity than manufactures of a specified material, namely, parts of furniture. ■■ We agree, though, that the cases cited by appellant are authority for the proposition that "baskets" is an eo nomine designation and under the doctrine of relative specificity the provision for "baskets" properly prevailed over the more general description provisions in those cases.

■■ However, we find no support in these cases for the allegation that use is immaterial because the designation is eo nomine. On the contrary, three of the cited cases indicate that use is an important factor in determining classification though an eo nomine designation is involved. In the *Krauss* case weight was given to the uncontradicted testimony that the baskets were not handled by furniture dealers, but only by "merchants who dealt distinctively in baskets" indicating their use to be as baskets. The *Morimura* case considered the use of the articles in determining that they were baskets, as evidenced by this statement:

For while the original basket frames when thus lined are improved for their respective uses as baskets by the addition of the watertight linings, their essential character and uses remain unchanged. They continue to serve the same or similar basket purposes as before, but by reason of the lining they perform that service in larger manner and with greater efficiency.

In the *Byrnes* case, supra, relied on by both parties, despite somewhat ambiguous language, we believe the predecessor of this court considered use of the articles in determining that they were baskets,

[2] Krauss & Co. v. United States, 2 Ct. Cust. Appls. 17; Brody, et al. v. United States, 2 Ct. Cust. Appls. 15; Thomsen v. United States, 2 Ct. Cust. Appls. 37; Morimura Bros. v. United States, 8 Ct. Cust. Appls. 211; United States v. Byrnes & Co., 11 Ct. Cust Appls. 68; United States v. Decorative Novelty Co., 17 CCPA 211.

for, after accepting the dictionary definition of basket as "* * * used for the purpose of holding, protecting, or carrying any commodity," the court described the articles in the following language, "The bottom is interwoven, as baskets commonly are, and it is adapted *and used* to hold, protect, or carry suitable commodities that may be placed therein." [Emphasis ours.] In view of the foregoing we hold that use cannot be ignored in determining whether an article falls within an eo nomine tariff provision for baskets.

The principal effect of the arguments of both parties centering on the existence or alleged existence of "eo nomine" provisions is to obfuscate the real issue.

The Government argues at great length that the paragraph 411 provision of "baskets" is an "eo nomine" provision. Of course it is. This is no more than a way of saying that baskets are provided for in paragraph 411 by the term "baskets" and calling this self-evident fact by a Latin name does not change anything. On the other side the same may be said for the attempt to pin the "eo nomine" label on the paragraph 412 provision for parts of furniture. The real problem in this case is simply whether the imported articles are in fact "baskets". Reasoning from old cases involving *different* articles tends more to obscure the issue than to answer it.

The Government would have us shut our eyes to the evidence as to what the imported articles are used for, apparently only for the reason that the term "baskets" in paragraph 411 provides for baskets *by name*. We have been unable to find in the Government's brief citation of any authority requiring us to do this. While unhesitatingly granting the truth of the contention that "baskets" in the tariff act provides for baskets "eo nomine," this does not help us in the least to decide whether the imported articles *are* baskets. We are not so trusting of our own notions of what things are as to be willing to ignore the purpose for which they were designed and made and the use to which they were actually put. Of all things most likely to help in the determination of the identity of a manufactured article, beyond the appearance factors of size, shape, construction and the like, use is of paramount importance. To hold otherwise would logically require the trial court to rule out evidence of what things actually are every time the collector thinks an article, as he sees it, is specifically named in the tariff act.

In order to find that the imported articles are classifiable as parts of furniture under paragraph 412, we must determine whether appellee has sustained its burden of proving that the collector's classification as baskets under paragraph 411 was wrong and the claimed classification is correct. *Benjamin Iron & Steel Co. v. United States,* 2 Ct. Cust. Appls. 159. The record clearly establishes that the articles at bar are sold and used only as tops of coffee or cocktail tables and are

not likely to be used as baskets. It is not disputed that upon assembly with iron bases of domestic manufacture the combination is furniture. In view of our holding, supra, that the use of the merchandise cannot be ignored in determining whether it is properly classifiable as baskets, and the uncontroverted evidence of actual use of the goods as parts of furniture, namely, table tops, we feel that appellee has sustained its burden of proving that paragraph 412, parts of furniture, more accurately describes the articles. The decision of the Customs Court is *affirmed*.